**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN PABLO MORALES-TONOC, | No. 08-71584 |
| Petitioner, | Agency No. A200-106-271 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Juan Pablo Morales-Tonoc, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Morales-Tonoc's contentions of persecution on account of his membership in a particular social group of indigenous persons or of a pattern or practice of persecution against indigenous people in Guatemala because he failed to raise these claims to the BIA. *See Barron v. Ashcroft*, 358 F.3rd 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

Morales-Tonoc contends that he and his family suffered various incidents of violence and threats by guerrillas in Guatemala. Substantial evidence supports the BIA's determination that Morales-Tonoc did not establish a nexus between the harm he suffered or the harm he fears and a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-84 (1992) (petitioner did not show guerrillas were motivated to persecute him because of his political opinion rather than because of his refusal to join); *Sangha v. INS*, 103 F.3d 1482, 1490-91 (9th Cir. 1997) (petitioner did not present direct or circumstantial evidence that separatist group sought to forcibly recruit him due to his actual or imputed political opinion). In light of this conclusion, Morales-Tonoc's contention that he is entitled to a

presumption of future persecution necessarily fails. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002).  Accordingly, we reject Morales-Tonoc's asylum and withholding of removal claims.

Finally, substantial evidence supports the agency's denial of CAT relief because Morales-Tonoc failed to establish it is more likely than not that he would be tortured by or with the acquiescence of government officials if removed to Guatemala. *See* 8 C.F.R. § 208.18(a)(1); *Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**